FILED
 2013 Mar-29  PM 04:30
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY LEE CASON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No.: 2:11-cv-01011-CLS-JEO |
| JOHN T. RATHMAN, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

This case is before the court on the Magistrate Judge's Report and Recommendation (doc. 17), filed November 13, 2012, and "Petitioner's Objection to Magistrate Judge's Report and Recommendation as the Court Failed to Show Consideration to Allow Petitioner to File the Response in Accordance to the October 29, 2012 Order" (doc. 19), filed November 29, 2012.  The matter is now ripe for review.

The instant petition was filed on March 18, 2011, (doc. 1), and on May 18, 2011, the United States filed a response arguing that Petitioner could not raise his claims, challenging his sentencing in the United States District Court for the Western District of North Carolina, in this § 2241 Petition.[1]  (Doc. 6).  On July 30, 2012, the

---

[1] *See* 28 U.S.C. § 2241.

magistrate judge entered an Order seeking additional briefing on the issue in light of a directly applicable Eleventh Circuit case that had been decided since the parties filed their initial briefs. (Doc. 10). The court gave the United States until September 14, 2012, to address the issue and Petitioner until September 28, 2012, to respond to the government's arguments. (Docket Entry dated August 15, 2012). When Petitioner did not respond by the September 28, 2012, deadline, the court entered an Order giving Petitioner until November 16, 2012, to file any additional materials. (Docket Entry dated October 29, 2012). On November 5, 2012, Petitioner filed his response. (Doc. 16). On November 13, 2012, the magistrate judge entered the instant Report and Recommendation, recommending that the case be dismissed. (Doc. 13). On November 16, 2012, Petitioner filed an additional response to the court's October 29, 2012 Order. (Doc. 18).

In his objection to the Report and Recommendation, Petitioner objects to the fact that the magistrate judge entered the Report and Recommendation before Petitioner's November 16, 2012 response was received. (Doc. 19). Because Petitioner's second response was filed by the November 16, 2012 deadline, the court will consider it now on its review of the Report and Recommendation.

Petitioner's November 16, 2012 Response focuses on the issue of whether the sentencing court erred when finding that a prior conviction was a crime of violence. (Doc. 18). However, under *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011)

(*en banc*), the undersigned does not get so far as to address the merits of whether the sentencing court incorrectly decided that the prior escape conviction was a crime of violence. Rather, in *Gilbert*, the Eleventh Circuit clearly held that a petitioner cannot invoke the savings clause of § 2255[2] to bring a § 2241 petition that argues "that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." 640 F.3d at 1323. In other words, regardless of the validity of Petitioner's arguments concerning the error in his sentencing, he simply cannot bring that challenge through 28 U.S.C. § 2241.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and Petitioner's objections, including Petitioner's November 16, 2012 Response, and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accordance with the recommendation, the petition is due to be dismissed without prejudice. An appropriate order will be entered.

DONE this 29th day of March, 2013.

_____
United States District Judge

---

[2] *See* 28 U.S.C. § 2255.